JUAN DECLET, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. 290. Argued January 17, 1944.—Decided January 31, 1944.

*Virgilio Brunet* and *H. Ramos Mimoso* for petitioner. *Ángel de Jesús Matos, Joaquina Pérez Cordero,* and *Joaquín Correa Suárez,* for the Manager of the State Insurance Fund, respondent.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Emiliano Santos Fred, a workman, filed a petition before the Industrial Commission alleging that while working for Juan Declet, an uninsured employer, he met with an accident. In such cases the commission has original jurisdiction, pursuant to §15 of the Act (No. 162 of 1943, p. 554), as amended, to investigate and decide the case. When said employer was summoned to appear at the hearing, he filed a motion alleging that the employer of the workman was the Bayamón Truck Service, Inc., an employer insured with the State Insurance Fund, and praying that the commission summon said employer and the Manager of the State Fund to appear at a hearing to be held for "the exclusive purpose of deciding who was the real employer" of the workman, and once this question was decided that "the case should follow its regular course."

The Bayamón Truck Service, Inc., as well as the Manager of the Fund, objected to the commission considering the question raised, on the ground that the commission, according to the statute, lacked jurisdiction to do so. The commission rendered a decision denying the motion of the employer Juan Declet, and a petition for reconsideration of said decision was likewise denied. Thereupon the employer instituted the present proceeding for review.

The State Fund maintains that if the commission decides that the Bayamón Truck Service, Inc., and not Juan Declet, is the employer of the workman, then the latter would have to prosecute a new case before the State Fund, and that until this is done, the commission has no original jurisdiction to compel the Fund to assume responsibility in the case.

Section 15, as amended, in its pertinent part, provides as follows:

"Should any employer employing three (3) or more workmen or employees fail to insure the payment of compensation for labor accidents in accordance with this Act, any prejudiced workman or employee, or his beneficiaries may proceed against such employer by filing a petition for compensation with the Industrial Commission, . . .

" * * * * * * *

"In those cases where the controversy is between the employer and the Manager, in connection with the insurance coverage (employer's status), if the employer refuses to accept responsibility for the accident, the case shall be taken by the Manager to the Industrial Commission, which shall decide the controversy following the procedure established by this Act; . . .

"In the cases of uninsured employers, if the controversy is between the workman and the employer, the workman shall appear before the Industrial Commission which shall proceed in these cases with all urgency and preference, . . ."

There is nothing in these provisions which would preclude a person or an entity, who in fact is not the employer of the workman who appealed to the commission, from setting up as a defense and positively proving that another person or entity is the employer and that said employer is insured with the State Fund. Apparently this is admitted by the Manager of the Fund, but he maintains, and so does the commission, that, since it is not expressly authorized by law, the commission is not empowered to compel the insured employer and the manager to intervene in such preliminary inquiry. We do not agree. It is true that where the controversy arises between the employer and the manager in connection with the insurance coverage, if the employer refuses to accept the responsibility for the accident, the Act provides that the commission shall decide the controversy, and that there is no provision in the Act regarding the procedure to be followed where the controversy arises between the workman and the employer. However, in our opinion, this does not mean that the commission lacks power to decide such

preliminary question. It seems to us that it is more in harmony with the due process of law that the insured employer, as well as the Manager of the State Fund, should have an opportunity to be heard at the hearing before the Industrial Commission and to challenge any evidence that might be introduced against them by the uninsured employer.

If after hearing the evidence the commission should decide that Juan Declet is an uninsured employer, the proceeding would continue against him before the same commission. If, on the contrary, it decides that the Bayamón Truck Service, Inc. is the insured employer, the case would go to the Manager of the State Fund and follow its regular course. Thus the whole proceeding is simplified, and a decision by the commission, without hearing the Bayamón Truck Services, Inc., or the Manager of the Fund, holding that said corporation is the employer of the workman would be avoided.

The fact that the manager was not summoned sufficiently in advance of the day fixed for the hearing before the commission, and that he did not have enough time to investigate the facts of the case, as alleged by him, is no ground for denying the commission its authority. He could have moved for a postponement to a subsequent date. More delay has been caused by raising the technical question of procedure involved herein which does not have the import that the Manager of the Fund has attributed to it. It is not a question of having the commission exercise original jurisdiction over a case against an insured employer, but of a previous determination of who is the real employer, and once this is decided, the case will follow the regular procedure according to law. This situation is not new, for in other cases the Industrial Commission has made preliminary investigations with the sole purpose of determining who was the employer of the injured workman, and it has even done this by stipulation submitted by the beneficiaries of the workman

and by the Manager of the Fund. See *Soto Martell v. Rivera,* 9 *Decisiones de la Comisión Industrial* 321, with regard to "Employer's Status"; *Montaner v. Industrial Commission,* 57 P.R.R. 263. The fact that in these cases there was involved the question of whether or not the alleged employer was an independent contractor in relation to the insured employer is not ground for holding that the commission may not decide, in the present case, who was in fact the employer of the workman.

The decision appealed from must be reversed.

Mr. Justice Snyder did not participate herein.